IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2017 AUG 25  PM 4: 45

| | | |
|---|---|---|
| YOCHANAN MARKMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| PLAINTIFF, | § § | |
| V. | § § § | CAUSE NO. 1:15-CV-681-LY |
| WHOLE FOODS MARKET, INC., JOHN P. MACKEY, WALTER E. ROBB III, GLENDA JANE FLANAGAN, A.C. GALLO, DAVID LANNON, AND KENNETH J. MEYER, | § § § § § § | |
| DEFENDANTS. | § | |

## ORDER ON MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT

Before the court are Defendants' Motion to Dismiss the Second Amended Class Action Complaint filed November 4, 2016 (Clerk's Doc. No. 67); Plaintiff's Opposition to Defendants' Motion to Dismiss the Second Amended Class Action Complaint filed December 16, 2016 (Clerk's Doc. No. 70); Defendants' Reply Memorandum of Law in Support of Motion to Dismiss Second Amended Complaint filed January 9, 2017 (Clerk's Doc. No. 71); Plaintiff's Notice of Recent Authority in Further Support of Plaintiff's Opposition to Defendants' Motion to Dismiss the Second Amended Class Action Complaint filed June 5, 2017 (Clerk's Doc. No. 72); and Defendants' Response to Plaintiffs' Notice of Recent Authority filed July 12, 2017 (Clerk's Doc. No. 73).

Having considered the motion, the response, the reply, supplemental authority and response thereto, the pleadings, and the applicable law, the court will grant the motion and dismiss Plaintiffs' second amended complaint with prejudice for the reasons set forth below.

## I. BACKGROUND[1]

This is a securities-fraud action brought on behalf of a proposed class of investors who purchased Whole Foods Market, Inc. ("Whole Foods") common stock between July 31, 2013, and July 29, 2015 (the "class period"). Lead Plaintiff Employees' Retirement System of the State of Hawaii (the "Retirement System") asserts violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against Whole Foods, co-founder and co-Chief Executive Officer John P. Mackey ("Mackey"), co-Chief Executive Officer Walter E. Robb ("Robb"), Chief Financial Officer Glenda Jane Flanagan ("Flanagan"), President and Chief Operating Officer A.C. Gallo ("Gallo"), Executive Vice Presidents of Operations David Lannon ("Lannon"), and Kenneth J. Meyer ("Meyer") (collectively, "Defendants"). The Retirement System also alleges control-person liability under Section 20(a) of the Exchange Act against Mackey, Robb, Flanagan, Gallo, Lannon, and Meyer (collectively, the "Individual Defendants").

Whole Foods is a nationwide retailer of natural and organic foods. As a publicly-held company with equity securities traded on the NASDAQ stock exchange, Whole Foods is subject to the oversight of the United States Securities and Exchange Commission ("SEC") and must comply with detailed reporting requirements pursuant to the Exchange Act and SEC regulations. *See* 15 U.S.C. § 78m; 17 C.F.R. § 240.13a-1. The Retirement System alleges that throughout the class period, Whole Foods—through the Individual Defendants—made false and misleading statements about the company's competitive prices, high standards for quality and transparency, and favorable financial results. The Retirement System claims that statements made on these

---

[1] *See* this court's Order on Motion to Dismiss for a more complete factual background of this case. *Markman v. Whole Foods Market, Inc.*, No. 15-CV-681-LY (W.D. Tex. Aug 19, 2016) (order on motion to dismiss).

2

subjects in press releases, phone calls with investors, and Forms 10-K and 10-Q[2] were materially misleading because they obscured the reality that Whole Foods often overcharged customers by putting inaccurate food-weight labels on prepackaged foods.

The "Second Amended Class Action Complaint for Violation of the Federal Securities Laws," the current live pleading of the Retirement System, details facts alleging that Whole Foods and the Individual Defendants knew or recklessly disregarded that Whole Foods engaged in systematic overpricing of pre-packaged foods from New York to California, rendering its reported financial statements, including revenue and earnings, materially false and misleading, as the company recognized revenue that it could not establish was in fact "earned" under the applicable accounting rules. In addition, the second amended complaint asserts that the known or recklessly disregarded conduct alleged rendered Defendants' other statements during the class period about, for example, Whole Food's commitment to high standards of "transparency and accuracy in everything we do," materially false and misleading.

This action was originally brought by Yochanan Markman—who purchased Whole Foods common stock during the class period—on August 7, 2015. This court appointed the Retirement System as Lead Plaintiff on October 28, 2015. The Retirement System filed an amended complaint on January 8, 2016. Defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and the Private Securities Litigation Reform Act ("Reform Act"), arguing that the Retirement System failed to adequately plead the essential elements of (1) false or misleading statements of material fact, (2) scienter, and (3) loss causation. This court granted the motion on August 19, 2016, dismissing all claims without prejudice and ordering that an amended complaint be filed on or before September 19, 2016. *See*

---

[2] Forms 10-Q and 10-K are quarterly and annual reports that include statements of financial performance and must be filed with the SEC by certain large companies, including Whole Foods. *See* 17 C.F.R. § 240.13a-13; *id.* § 249.310.

*Markman v. Whole Foods Market, Inc.*, No. 15-CV-681-LY (W.D. Tex. Aug. 19, 2016) (order on motion to dismiss).  Markman filed a second amended complaint on September 19, 2016 (Clerk's Doc. No. 64).  Defendants now move to dismiss the second amended complaint, arguing again that the Retirement System has failed to adequately plead the essential elements of (1) false or misleading statements of material fact, (2) scienter, and (3) loss causation.

## II. LEGAL STANDARDS

### A. Elements of a Section 10(b) Securities-Fraud Claim

Section 10(b) of the Exchange Act prohibits the use, in connection with the purchase or sale of a security, of "any device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe . . . ."  15 U.S.C. § 78j(b).  SEC Rule 10b-5, in turn, makes it unlawful for any person, in connection with the purchase or sale of a security, to "make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading."  17 C.F.R. § 240.10b-5.  The elements of a private securities-fraud claim based on Section 10(b) and Rule 10b-5 are (1) a material misrepresentation or omission; (2) scienter—a wrongful state of mind; (3) a connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation—"a causal connection between the material misrepresentation and the loss."  *Owens v. Jastrow*, 789 F.3d 529, 535 (5th Cir. 2015) (quoting *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 238–39 (5th Cir. 2009)).

### B. Standard of Review

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *Lormand*, 565 F.3d at 232.  Rule 12(b)(6) allows

for dismissal of an action "for failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Although a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, in order to avoid dismissal, a complaint must ordinarily only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. Under Rule 8, a complaint need not contain detailed factual allegations, but it must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombley*, 550 U.S. at 570.

"Securities fraud claims brought by private litigants" are "also subject to the pleading requirements imposed by the [Reform Act]." *Owens*, 789 F.3d at 535. "At a minimum, the [Reform Act] pleading standard incorporates the 'who, what, when, where, and how' requirements" of Federal Rule of Civil Procedure 9(b). *Id.* (quoting *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 349–50 (5th Cir. 2002)). *See also* FED. R. CIV. P. 9(b). This means that "a plaintiff pleading a false or misleading statement or omission as the basis for a section 10(b) and Rule 10b-5 securities-fraud claim must, to avoid dismissal pursuant to Rule 9(b) and [the Reform Act]," identify the allegedly misleading statement with particularity, explain why the statement was misleading, identify the speaker, state when and where the statement was made, and plead with particularity what the person making the misrepresentation obtained thereby. *Goldstein v. MCI WorldCom*, 340 F.3d 238, 245 (5th Cir. 2003). Additionally, to adequately plead the element of scienter, "the [Reform Act] requires a plaintiff to 'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'" *Owens*, 789 F.3d at 535 (quoting 15 U.S.C. § 78u-4(b)(2)). In the Fifth

Circuit, "[t]he required state of mind [for scienter] is an intent to deceive, manipulate, or defraud or severe recklessness." *Lormand*, 565 F.3d at 251 (quoting *Ind. Elec. Workers' Pension Trust Fund IBEW v. Shaw Grp., Inc.*, 537 F.3d 527, 533 (5th Cir. 2008)).

### III. ANALYSIS

Defendants asert that the Retirement System once again has failed to adequately plead three essential elements of its Section 10(b) securities-fraud claim—including material misrepresentation or omission, scienter, and loss causation—arguing that the second amended complaint should be dismissed for the reasons previously articulated by this court in its dismissal of all claims in the first amended complaint. Specifically, Defendants assert that the second amended complaint fails to identify any false and misleading statements and fails to correct its essential theory of liability; the allegations of false and misleading statements remain insufficient under all applicable standards of law. Defendants contend that any further attempt to amend would be futile. Therefore, Defendants argue, the second amended complaint should be dismissed with prejudice.

*A. False and Misleading Statements*

The Retirement System contends that the second amended complaint clearly identifies "each and every alleged false statement," "the speaker of the alleged misrepresentation," and the materiality of each statement. Review of the second amended complaint, however, reveals no new statements attributed to the Individual Defendants not already addressed and found not actionable in this court's previous order dismissing the Retirement System's claims.

The Retirement System's new allegations relate to the affidavits of a Whole Food's data analyst, Jeffrey Moll, which were executed to establish the amount in controversy in a consumer class-action case that was previously dismissed. The Retirement System argues that the Moll

affidavits establish that Whole Food's financial results were materially inflated and thereby not "earned." The affidavits determined sales based on a hypothesis alleged in the pleadings in the previous case, and the calculations contained in the hypothesis do not qualify as a factual admission of unearned sales revenue. In addition, the Moll affidavits address data solely as to the amount of certain products sold by Whole Foods during a three-year period. The data analyzed is based on aggregate sales and inventory records not pertaining to the weight and pricing of prepackaged products. Thus, no inference of the extent of mislabeling can be drawn based on the new allegations that rely exclusively on the Moll affidavits.

*B. Scienter*

The Reform Act requires a plaintiff to "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2)(A). This requirement impels a plaintiff to plead particular facts creating a "cogent and compelling" inference that the defendant acted with an "intent to deceive, manipulate, or defraud or that severe recklessness in which the danger of misleading buyers or sellers is either known to the defendant or is so obvious that the defendant must have been aware of it." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 643 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 366 (5th Cir. 2004)). "Severe recklessness is 'limited to those highly unreasonable omissions or misrepresentations that involve not merely simple or even inexcusable negligence, but an extreme departure from the standards of ordinary care . . . .'" *Shaw Group*, 537 F.3d at 533 (quoting *Rosenzweig*, 332 F.3d at 866).

In considering whether the complaint establishes a strong inference that each named defendant acted with the requisite state of mind, factual allegations should be "evaluated collectively, not in isolation." *Dawes*, 975 F. Supp. 2d at 689. Furthermore, a court assessing

the sufficiency of scienter allegations must "take into account plausible inferences opposing as well as supporting a strong inference of scienter." *Owens*, 789 F.3d at 536 (quoting *Shaw Group*, 537 F.3d at 533). A complaint will survive only if the inference of scienter is "at least as compelling as [any] opposing inference that the defendant did not know of the fraud or was merely negligent." *Id.*

The second amended complaint once again fails to sufficiently allege scienter with respect to each of the Individual Defendants. The second amended complaint alleges that it is implausible that the Individual Defendants were not aware that Whole Food's weights-and-measures procedures were inadequate or that there was rampant overcharging. Thus, by not disclosing widespread overcharging known by the Individual Defendants, the Retirement System alleges, Whole Food's financial statements falsely implied "stable and accurate financial results" and failed to "reflect consumer sentiment and tolerance for" Whole Food's pricing.

However, the Retirement System's scienter arguments allege only purported knowledge, not intent to deceive. Conflating knowledge with scienter is insufficient under the Reform Act. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 866 (5th Cir. 2003) (scienter requires "intent to deceive, manipulate, or defraud" or "severe recklessness"). The Retirement System's claims against the Individual Defendants as primary actors once again fail to allege materially false or misleading statements or facts allowing a strong inference of scienter. The Retirement System attempts to impute knowledge of the California and New York investigations on all the Individual Defendants based upon in-house counsel's knowledge, which the Retirement System asserts was shared with all the named Individual Defendants based upon its claim that all were part of a "tightknit team" that continually discussed matters important to Whole Foods and acted together in making decisions for the company. However, the second amended complaint does

8

not add any credible factual allegations to support the Retirement System's theory of a system-wide scheme that was known to each Individual Defendant, and it fails to allege any facts that would distinguish among the Individual Defendants to allege each one's role, intent, and knowledge.

The court therefore concludes that the allegations in the second amended complaint once again do not give rise to a cogent and compelling inference that the Individual Defendants acted with the requisite scienter. For this reason, the second amended complaint also does not give rise to a cogent and compelling inference that Whole Foods itself acted with the requisite scienter. *See Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 366–67 (5th Cir. 2004) (recognizing that defendant corporation can only have requisite scienter if individual officer making statement has scienter)

C. *Loss Causation*

To plead loss causation, "the plaintiff must allege that when the 'relevant truth' about the fraud began to leak out or otherwise make its way into the marketplace, it caused the price of the stock to depreciate and, thereby, proximately caused the plaintiff's economic harm." *Pub. Emps. Ret. Sys. of Miss. v. Amedisys, Inc.*, 769 F.3d 313, 320 (5th Cir. 2014) (quoting *Lormand*, 565 F.3d at 255). "For a complaint to adequately plead this requirement, it need only set forth 'a short and plain statement of the claim[']" containing sufficient factual allegations to make the existence of loss causation plausible. *Id.* (quoting *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005)).

In support of loss causation, the second amended complaint once again alleges that Whole Foods' stock price fell after Robb and Mackey informed investors on July 29, 2015, about the New York City Department of Consumer Affairs ("DCA") press release regarding the

9

company's weights-and-measures and pricing-inaccuracy issues. The Retirement System argues this press release, coupled with public statements made by the Individual Defendants, constituted a "corrective disclosure" that revealed the truth about Whole Foods' pricing practices and directly produced the stock price to fall significantly on July 30, 2015, thereby establishing loss causation.

The Retirement System's second amended complaint "[is] required to allege the truth that emerged was 'related to' or 'relevant to' the defendants' fraud and earlier misstatements." *Amedisys*, 769 F.3d at 321 (quoting *Lormand*, 565 F.3d at 255–56). However, the Retirement System again fails to allege how any of the Individual Defendants' statements were false or misleading in light of the weights-and-measures issues in California and New York, nor does the second amended complaint allege that the "truth" of mislabeling and overcharging in New York City stores made "actionable fraud more probable than it would be without that alleged fact. . . ." *Id.*

The Retirement System further alleges that the corrective disclosure of the financial impact of the company's weights-and-measures and pricing-inaccuracy issues caused Whole Foods' stock to decline. The July 29, 2015 conference call for analysts, representatives, and investors attended by Mackey, Robb, Lannon, and Gallo did reveal that comps were down due to consumer reaction to the DCA's allegations. It did not, however, reveal any new information regarding additional undisclosed inaccuracies or misstatements following the DCA's press release. Therefore, the stock decline on July 30, 2015, does not make the existence of loss causation plausible in this case. *See, e.g., In re Omnicon Group, Inc. Sec. Litig.*, 597 F.3d 501, 512 (2d Cir. 2010).

The court accordingly concludes that the second amended complaint also fails to adequately allege loss causation.

*D. Section 20(a) Claim*

The Retirement System again alleges control-person liability against the Individual Defendants under Section 20(a) of the Exchange Act. *See* 15 U.S.C. § 78t. "Control person liability is secondary only and cannot exist in the absence of a primary violation." *Shaw Group*, 537 F.3d at 545 (alteration in original) (quoting *Southland*, 365 F.3d at 383). Because the Retirement System has not adequately pleaded Section 10(b) liability, there is no basis on which to establish a Section 20(a) claim.

*E. Leave to Amend*

Even if the court assumes that Whole Foods did have a widespread practice of overweighing and mislabeling its prepackaged foods in violation of consumer-protection laws in this case, the second amended complaint again does not allege sufficiently that this practice also makes Whole Foods and the Individual Defendants liable for securities fraud. "At some point, a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986). *See also Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). The court concludes that the insufficiency of the allegations added to the second amended complaint make clear that any attempt to further amend would be futile. Therefore, the court will deny The Retirement System's alternative request for leave to amend and will dismiss the second amended complaint with prejudice.[3] *See Schiller v. Physicians Re. Group., Inc.*, 342 F.3d 563, 566-69 (5th Cir. 2003).

---

[3] The Retirement System's notice of recent authority directs the court to the Second Circuit's opinion in *In re John v. Whole Foods Market Group, Inc.*, Docket No. 16-986-cv, WL

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss the Second Amended Class Action Complaint filed November 4, 2016 (Clerk's Doc. No. 67) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

A final judgment will be filed subsequently.

**SIGNED** this 25th day of August, 2017.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE

---

1849037 (2d Cir. Apr. 21, 2015), a consumer fraud case that does not cure the Retirement System's failure to plead a violation of securities law in this case.